Filed 7/2/21  P. v. Shephard CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076346 |
| v. | (Super.Ct.No. FSB036069) |
| MATTHEW JOSEPH SHEPHARD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Reversed with directions.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Banta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Matthew Joseph Shephard, filed a petition for resentencing pursuant to Penal Code[1] section 1170.95 (Stats. 2018, ch. 1015, § 4), which was enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.). The trial court struck the petition, finding section 1170.95 unconstitutional. On appeal, defendant contends the court erred in finding section 1170.95 unconstitutional. The People agree. We reverse the order striking defendant's petition and remand for further proceedings.

## I.  PROCEDURAL BACKGROUND[2]

On October 21, 2003, a jury found defendant guilty of first degree murder (§ 187, subd. (a), count 1), second degree burglary (§ 459, count 3), negligent discharge of a firearm (§ 246.3, court 4), and felonious evasion of a police officer (Veh. Code § 2800.2, subd. (a), count 5). The jury acquitted defendant of attempted murder. (§§ 664, 187, subd (a), count 2). The trial court imposed an aggregate sentence of 25 years to life, plus two years four months in state prison. By opinion filed November 28, 2005, this court affirmed the judgment but ordered the abstract of judgment corrected to show defendant's determinate sentence as 16 months, rather than two years four months. (*People v. Shephard*, *supra*, E036967.)

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  On our own motion, we take judicial notice of the record in defendant's appeal from the original judgment. (*People v. Shephard* (Nov. 28, 2005, E036967) [nonpub. opn.] (*Shephard*); see Evid. Code, § 459.) Nonetheless, we find the facts unnecessary to our resolution of the issues on appeal.

On January 8, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. The People filed a motion to strike the petition contending Senate Bill No. 1437 was unconstitutional. Defense counsel filed opposition to the motion to strike.

In their request for judicial notice of this court's opinion, the People argued that defendant had failed to make a prima facie showing for relief because defendant was the actual killer. The People later filed an additional brief arguing both that Senate Bill No. 1437 was unconstitutional and that defendant had failed to make a prima facie showing of relief because defendant was the actual killer. At the hearing on the petition on November 20, 2020, the trial court found section 1170.95, as enacted by Senate Bill No. 1437, was unconstitutional and struck defendant's petition.

## II. DISCUSSION

Defendant contends the trial court erred in striking his petition based on its conclusion that section 1170.95, as enacted by Senate Bill No. 1437, was unconstitutional. The People concur. We agree.

To date, every California appellate court to address the issue, including this court, have rejected claims that Senate Bill No. 1437 is unconstitutional. (E.g., *People v. Johns* (2020) 50 Cal.App.5th 46 (*Johns*); *People v. Lippert* (2020) 53 Cal.App.5th 304 (*Lippert*) (but see dis. opn. of Ramirez, P.J.).) In *Johns,* this court agreed with our colleagues in other courts and rejected the contention that Senate Bill No. 1437 unlawfully undermined the voters' intent when they passed Proposition 7. "Proposition 7 set the penalties for murder, not the elements of the crime of murder. (See Prop. 7, §§ 1-12.) Senate Bill 1437 left the punishment for murder unchanged, but altered the elements required to

3

convict an accused of murder.  (Pen. Code, §§ 188, subd. (a)(3), 189, subd. (e).)

Specifically, Senate Bill 1437 changed the minimum intent required to sustain a murder

conviction by amending Penal Code sections 188 and 189.  That change did not amend

the statutory provisions enacted by the voters in passing Proposition 7.  [Citation.]

Senate Bill 1437 simply did not address any matter Proposition 7 specifically authorizes

or prohibits.  Since the Legislature is not barred from passing laws in areas related to but

distinct from those addressed in an initiative, Proposition 7 was no bar to their passing

Senate Bill 1437."  (*Johns*, at p. 63; accord, *People v. Lombardo* (2020) 54 Cal.App.5th

553, 560-561 (*Lombardo*); *Lippert*, at p. 312; *People v. Nash* (2020) 52 Cal.App.5th

1041, 1058-1067 (*Nash*); *People v. Bucio* (2020) 48 Cal.App.5th 300, 309-311 (*Bucio*);

*People v. Cruz* (2020) 46 Cal.App.5th 740, 754-759 (*Cruz*); *Solis*, *supra*, 46 Cal.App.5th

at p. 779; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 284-286

(*Gooden*); *Lamoureux*, *supra*, 42 Cal.App.5th at p. 251.)

Likewise, in *Johns*, we agreed with *Gooden* and rejected the argument that Senate

Bill No. 1437 was an invalid amendment because it did not comply with Proposition 115.

"'Senate Bill 1437 did not augment or restrict the list of predicate felonies on which

felony murder may be based, which is the pertinent subject matter of Proposition 115.  It

did not address any other conduct which might give rise to a conviction for murder.

Instead, it amended the mental state necessary for a person to be liable for murder, a

distinct topic not addressed by Proposition 115's text or ballot materials.'"  (*Johns*, *supra*,

50 Cal.App.5th at p. 65, quoting *Gooden*, *supra*, 42 Cal.App.5th at p. 287.)  Therefore,

the Legislature was not required to enact Senate Bill No. 1437 by a two-thirds majority of

4

both houses.  (*Gooden*, at pp. 287-288; accord, *Lombardo*, *supra*, 54 Cal.App.5th at p. 561; *Lippert*, *supra*, 53 Cal.App.5th at pp. 312-313; *Nash*, *supra*, 52 Cal.App.5th at pp. 1067-1069; *Solis*, *supra*, 46 Cal.App.5th at pp. 780-784; *Cruz, supra*, 46 Cal.App.5th at pp. 759-761; *Bucio*, *supra*, 48 Cal.App.5th at pp. 311-312; *Lamoureux*, *supra*, 42 Cal.App.5th at p. 251.)

Finally, this court agreed with our colleagues in other courts that Senate Bill No. 1437 does not violate the sanctity of finality as enshrined in Marsy's Law or the separation of powers doctrine.  (*Johns*, *supra*, 50 Cal.App.5th at pp. 66-69; accord, *People v. Marquez* (2020) 56 Cal.App.5th 40, 47-51; *Lombardo*, *supra*, 54 Cal.App.5th at pp. 561-565; *Lippert*, *supra*, 53 Cal.App.5th at p. 313; *Nash*, *supra*, 52 Cal.App.5th at pp. 1070-1083; *Bucio*, *supra*, 48 Cal.App.5th at pp. 312-314; *Lamoureux*, *supra*, 42 Cal.App.5th at pp. 260-266.)  We agree with the parties and the courts cited, *ante*, that section 1170.95 was constitutionally enacted by Senate Bill No. 1437.  Thus, the court below erred in striking the petition on the basis that section 1170.95 was unconstitutional. Therefore, because the trial court did not address whether defendant was eligible for relief under section 1170.95, we remand the matter for the trial court to make such a determination in the first instance.

## III.  DISPOSITION

The order striking defendant's petition is reversed.  The matter is remanded for the trial court to consider the petition anew, beginning with a determination of whether defendant has made a prima facie case.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


<u>McKINSTER</u>
                                                                                          J.

We concur:


<u>RAMIREZ</u>
                         P. J.


<u>RAPHAEL</u>
                         J.